UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATALINO VILLEGAS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-320 |
| | § | |
| GRACE DISPOSAL SYSTEMS, LLC D/B/A | § | |
| ROYAL DISPOSAL & RECYCLING, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are two motions to dismiss the claims of plaintiffs Catalino Villegas, Jose B. Joya, Erick Castro, Jorge Reyes, Walter Alonso Ortega, Arcesio Becerra, J. Jesus Contreras, and Antonio Fernandez ("Plaintiffs") against defendants Royal Disposal and Recycle, LLC ("Royal"), David Hanna, and Charles C. Gregory, III ("Defendants"). Dkts. 8, 13. Having considered the motions, responses, and applicable law, the court is of the opinion that the first motion should be DENIED AS MOOT and that the second motion should be DENIED.

### I. BACKGROUND

Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs overtime wages and by terminating Plaintiffs' employment in retaliation when Plaintiffs complained. Dkt. 1. Defendants filed a motion to dismiss pursuant to Rule 12(b)(4) and (5) because in the summons served on defendant Royal Disposal and Recycle, LLC, Plaintiffs misnamed the defendant as "Royal Disposal and Recycling, LLC." Dkt. 8. Defendants also point out that the original complaint incorrectly refers to both "Royal Disposal and Recycle, LLC" and "Royal Disposal Recycling." *Id.* Defendants argue that this misnaming renders the service fatally flawed. *Id.* Furthermore, Defendants insist that Grace Disposal Systems, LLC—and not Royal

Disposal and Recycle, LLC—employed Plaintiffs. *Id.* Consequentially, suit against defendants Hanna and Gregory in their capacity as affiliates of Royal Disposal and Recycle, LLC is also improper according to Defendants. *Id.* Therefore, Defendants request that the suit be dismissed pursuant to Rule 12(b)(6) because no relief can be granted under the FLSA as none of the named defendants employed the plaintiffs. *Id.*

On April 19, 2013, Plaintiffs filed an amended complaint, naming both Grace Disposal, LLC ("Grace") and Royal Disposal and Recycle, LLC ("Royal") as defendants. Dkt. 10. The amended complaint alleges that defendants Hanna and Gregory are owners and/or officers of Grace as well as Royal. *Id.* In the response to the motion to dismiss, Plaintiffs argue that the motion pursuant to Rule 12(b)(4) and (5) should be denied because the first amended complaint cures the alleged pleading and service of process defects and renders Defendants' position with regard to defendants Hanna and Gregory moot. Dkt. 11.

On May 10, 2013, Defendants filed a motion to dismiss the amended complaint. Dkt. 13. Defendants reassert the same arguments that they asserted in the first motion to dismiss. *Id.* Plaintiffs request that the court deny Defendants' second motion pursuant to Rule 12(b)(4) and (5) for three reasons. Dkt. 14. First, Plaintiffs argue that the first amended complaint corrected each misnomer of defendant Royal. *Id*. at 2. Second, Plaintiffs content that because Plaintiffs served the complaint via the court's electronic filing system on defendant Royal's attorney-of-record, it was not necessary to issue a new summons. *Id.* at 3. Finally, Plaintiffs cite authority for the proposition that as long as a party receives sufficient notice of the complaint, the case should not be dismissed. *Id.* As for the Rule 12(b)(6) motion to dismiss, Plaintiffs argue that Defendants' version of the facts is irrelevant as the court is to assume that all of the factual allegations in the complaint are true. *Id.* at 4.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Insufficient Process

In determining whether a misnomer is fatal, courts generally use an objective standard to test if it is "reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether the plaintiff actually meant to serve and sue a different person." *Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir. 1958) (quoting 2 James Wm. Moore et al., *Moore's Federal Practice* § 4.4 (2nd ed. 1964)). If the misnomer is merely a mistake and did not mislead or confuse the defendants, process is sufficient. *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) (holding that a summons naming the defendant as Miller Group Construction instead of Miller Group Construction, Inc. misled no one and was not defective); *see also In re Cyrus II P'ship v. Rafizadeh*, 392 B.R. 248, 265 (Bankr. S.D. Tex. 2008) (holding that summons was not defective where the defendant Wellspring Sourcing Co., Limited was named as Wellspring Sourcing, Inc.).

### B. Motion to Dismiss for Failure to State a Claim

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 1959.

Under *Twombly's* two-pronged approach, the court must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) *(*applying the *Twombly* two-pronged test to hold that a pleading was insufficient). The first step for the court is to determine those pleadings that are more than just "mere conclusions" and thus are entitled to the presumption of truth. *Iqbal*, 129 S. Ct. at 1949–50. Then, assuming the veracity of these facts, the court must determine whether the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "plausibly give[s] rise to an entitlement to relief." *Id.*; *see also Rhodes v. Prince*, 360 F. App'x 555, 557 (5th Cir. 2010). If the pleadings fail to meet the requirements of *Iqbal* and *Twombly*, no viable claim is stated and the lawsuit is subject to dismissal.

### III. ANALYSIS

**A. 12(b)(4) and 12(b)(5)**

Defendants seek dismissal of Plaintiffs' claims pursuant to Rule 12(b)(4) and (5), which deal with insufficient process and service of process. Dkt. 13. Plaintiffs served the first amended complaint to the attorney of record for Defendants. Dkt. 10. The amended complaint corrected each

4

misnomer. *See id.* Plaintiffs argue that because the complaint is cured, the original summons is also cured. Dkt. 13. Although an amended complaint cannot cure a fatally flawed summons, the misnomer in the summons of this case does not justify dismissal. It is reasonable to conclude from the summons, which named Royal Disposal and Recycling, LLC, that plaintiffs intended to serve summons on Royal Disposal and Recycle, LLC. *See Jackson*, 259 F.2d at 7. Furthermore, Defendants do not claim that the misnomer confused them or misled them in any way.

Defendants also argue that dismissal for improper service is appropriate because Plaintiffs should not be suing Royal. Dkt. 13. This argument fails because it confuses the meaning of "misnamed" for the purposes of dismissal under Rule 12(b)(4) and (5). Dismissal for misnaming applies only when the wrong party—i.e. a party other than the one the plaintiffs intended to serve—is served. *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 2:11cv3KS-MTP, 2011 WL 1226095 at *2 (S.D. Miss. March 29, 2011). Plaintiffs assert that service of process on Royal was intentional. Dkt. 14. Therefore, the motion for dismissal under 12(b)(4) and (5) is DENIED.

## B. 12(b)(6)

Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C. § 203(d) (2006). The Fifth Circuit has interpreted this definition broadly to include an individual who "effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

Plaintiffs' amended complaint states that defendants Gregory and Hanna fall within the FLSA definition of "employer" because they exercised managerial authority and control over the terms and conditions of Plaintiffs' employment. Dkt. 10 at 4. Specifically, Plaintiffs claim that defendants

Gregory and Hanna hire and fire employees, manage employee relations, and oversee day-to-day operations. *Id.* Plaintiffs further allege that defendants Gregory and Hanna were acting as officers of either Royal or Grace when they employed Plaintiffs. *Id.* Any factual dispute as to the corporation on whose behalf defendants Gregory and Hanna acted is irrelevant to the issue at hand. It is enough that Plaintiffs allege that defendants Gregory and Hanna acted with authority—as agents of either Royal or Grace— over the conditions of their employment. Therefore, Plaintiffs have stated claims for which they are entitled to relief, and the motion to dismiss under Rule 12(b)(6) is DENIED.

## IV. Conclusion

Defendants' original motion to dismiss (Dkt. 8) is DENIED AS MOOT. Defendants' second motion to dismiss (Dkt. 13) is DENIED.

Signed at Houston, Texas on June 20, 2013

_____
Gray H. Miller
United States District Judge