**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CATALINO VILLEGAS, JOSE B. JOYA, ERICK CASTRO, JORGE REYES, WALTER ALONSO ORTEGA, ARCESIO BECERRA, J. JESUS CONTRERAS and ANTONIO FERNANDEZ, Individually and On Behalf of All Others Similarly Situated,** | § § § § § § § § | |
| *Plaintiffs*, | § § | |
| **v.** | § § | **CIVIL ACTION NO.: 4:13-cv-00320** |
| **GRACE DISPOSAL SYSTEMS, LLC d/b/a ROYAL DISPOSAL & RECYCLING, ROYAL DISPOSAL and RECYCLE, LLC., DAVID HANNA and CHARLES C. GREGORY, III,** | § § § § § § § § | **JURY DEMANDED** |
| *Defendants*. | § | |

## PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

**CATALINO VILLEGAS, JOSE B. JOYA, ERICK CASTRO, JORGE REYES, WALTER ALONSO ORTEGA, ARCESSIO BECERRA, J. JESUS CONTRERAS and ANTONIO FERNANDEZ,** Individually and on behalf of all others similarly situated ("Plaintiffs"), file this Opposed Motion for Conditional Certification, and would show the Court as follows:

## I.     NATURE AND STAGE OF PROCEEDINGS

GRACE DISPOSAL SYSTEMS, LLC d/b/a/ ROYAL DISPOSAL & RECYCLING, ROYAL DISPOSAL and RECYCLE, LLC, DAVID HANNA, and CHARLES C. GREGORY, III ("Defendants") employed Plaintiffs and similarly situated individuals to work as drivers and driver's helpers in Defendants' waste and recycling collection and disposal operations.  In the course of such employment, Defendants failed to pay their employees overtime pay of one-and-one half times the regular rate of pay as required by the Fair Labor Standards Act ("FLSA"). Plaintiffs filed this action on February 7, 2013, to correct the unlawful employment practices and to seek damages and other relief not only for themselves but on behalf of other current and former employees who were employed by Defendants as drivers and driver's helpers.  Plaintiffs now file this motion seeking conditional certification and issuance of a Court-approved notice in English and Spanish to current and former employees of Defendants who were employed as drivers and driver's helpers and who did not receive proper overtime pay.  Plaintiffs' proposed notice is attached hereto as Exhibit A.

## II.     STATEMENT OF ISSUES AND STANDARD OF REVIEW

The issue before the Court is whether to conditionally certify a class of potential opt-in Plaintiffs and permit Plaintiffs to issue notice to current and former employees of Defendants of the lawsuit and their right to opt-in.  Generally, courts in the Fifth Circuit follow the two-step approach to FLSA class certification outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  At the initial "Notice Stage" the Court applies a lenient standard of review and will conditionally certify a class and issue notice to members of the conditional class upon a showing

of "some factual support for the complaint allegations of class-wide policy or practice."[1]   The Plaintiffs must, at this initial stage, make only a "'minimal showing' that putative class members are 'similarly situated' to the plaintiff in relevant respects given the claims and defenses asserted."[2]   As described herein, Plaintiffs can make the minimum showing required for the Court to conditionally certify the class and issue notice to potential plaintiffs.

### III.   SUMMARY OF THE ARGUMENT

Plaintiffs are able to show that Defendants' practice of paying drivers and driver's helpers a flat daily rate for completing their regular refuse collection routes rather than paying overtime when these workers worked more than forty hours in a workweek was a practice Defendants applied to all of the drivers and driver's helpers in their operations. As such, Plaintiffs can make the minimum factual showing required at this stage of the *Lusardi* analysis that there existed "similarly situated" employees who "were together the victims of a single decision, policy or plan." *Id.*   The Court should therefore conditionally certify a class of current and former employees of Defendants who worked as drivers and driver's helpers.

### IV.   FACTUAL BACKGROUND

Defendants are, own or operate a waste and recycling collection and disposal company known as "Royal Disposal" or "Royal Disposal & Recycling" which is located in Fort Bend County, Texas and has operations in and around the Houston metropolitan area.   The Plaintiffs were employed by Defendants as drivers and helpers – collecting and loading waste and recycling materials into the refuse vehicles and disposing of the materials at area landfills.[3]   The

---

[1] *Davis v. Mostyn Law Firm, P.C.,* 2012 WL 163941, *5 (S.D. Tex. 2012) (quoting *Maynor v. Dow Chemical Co*., 2008 WL 2220394 at *6 (S.D. Tex. 2008)).

[2] *Richardson v. Wells Fargo Bank, N.A.*, 2012 WL 334038, *2 (S.D. Tex, 2012)(Atlas, J.)(quoting *McKnight v. D. Houston, Inc.* 756 F. Supp. 2d 794, 801 (S.D.Tex. 2010)(Rosenthal, J.)

[3] *See* Plaintiffs' First Amended Complaint [Doc. No. 10], p. 5, ¶ 21 and Declarations of Plaintiffs attached hereto as Exhibit B.

Plaintiffs each state that they were promised and paid a flat daily rate for completing their regular collection routes.[4]  The hours of work varied, but the regular collection routes usually took more than 60 hours to complete.[5]  They received an additional amount of pay only if they attended to stops on another person's collection route, but that additional amount was not the equivalent of overtime pay.[6]  As a result of the Defendants' pay practices, although the Plaintiffs worked more than 40 hours each workweek, their pay for the hours worked over 40 in a workweek did not equal one and one half times their regular rates of pay.  The Plaintiffs know other helpers and drivers who were paid in the same way that they were paid – a flat daily rate without proper overtime pay.[7]

## V.   ARGUMENT AND AUTHORITIES

### A.   The FLSA and Collective Actions

The FLSA requires employers to pay each of its non-exempt employees an hourly wage of at least minimum wage and overtime rates for time worked in excess of forty hours in a workweek.[8] Employees who do not receive minimum wages and overtime as required by the FLSA, have a private right of action against their employers.[9] Aggrieved employees can sue individually and/or in a representative capacity on behalf of other similarly situated employees.[10] District courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the lawsuit.[11] The Court approved notice protects against misleading communications by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits,

---

[4] Exhibit B.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] 29 U.S.C. §§206(a); 207(a).
[9] 29 U.S.C. §216.
[10] *Id.*
[11] *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

*Plaintiffs' Motion for Conditional Certification*          *4*

assures joinder of additional parties is accomplished efficiently, and expedites resolution of the dispute.[12]

**B.      The *Lusardi* Analysis**

While there are two methods to determine whether notice is warranted, several courts, including most within the Fifth Circuit, prefer the two-step *Lusardi*[13] analysis.[14] The first step of the *Lusardi* analysis is the "notice stage" in which the district court decides whether to issue notice to potential class members.[15] At the notice stage, the court makes a decision, usually solely based on the "pleadings, affidavits and other limited evidence" submitted.[16] This determination "is made using a 'fairly lenient standard' because the court often has minimal evidence at this stage of the litigation."[17] In fact, all that is required at the notice stage is substantial allegations that the putative class members "were together the victims of a single decision, policy or plan" that is alleged to violate the FLSA.[18]

The second stage of the *Lusardi* approach is the "decertification stage," which typically occurs upon Defendant's filing of a motion when the opt-in period has concluded and discovery is largely complete.[19] At this stage, the Court makes a factual determination as to whether there are similarly situated employees.[20] If the Court finds the claimants are no longer similarly situated, it decertifies the class and dismisses the opt-in Plaintiff without prejudice.[21] If the

---

[12] *Id.*
[13] *Lusardi*, 118 F.R.D. 351.
[14] *Davis.,* 2012 WL 163941, at *5; *Maynor*, 2008 WL 2220394 at *4; *Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 2934265 (S.D. Tex. 2006).
[15] *Richardson,* 2012 WL 334038, at *1; *Yoakum v. PBK Architects, Inc.*, 2011 WL 4688714 at *1-2 (S.D. Tex. Oct. 4, 2011).
[16] *Richardson,* 2012 WL 334038, at *2.
[17] *Yoakum*, 2011 WL 4688714, at *2.
[18] *Id.* (quoting *McKnight,* 756 F. Supp. 2d at 801).
[19] *Yoakum,* 2011 WL 4688714, at *2, n.1.
[20] *Id.*
[21] *Id.*

Court determines the Plaintiff is similarly situated to the opt-in class members, the collective action proceeds.[22]

## C. The "Similarly Situated" Standard

As mentioned above, an FLSA plaintiff seeking conditional certification must show that he or she is similarly situated in terms of job requirements and similarly situated in terms of payment. In this regard, the Courts have repeatedly stressed that Plaintiffs must only be similarly situated, not identically situated, to proceed as a collective action.[23] The "similarly situated" requirement under Section 216(b) of the FLSA is less stringent than the "similarly situated" requirement of Federal Rule 20 and 42.[24] Under this standard, a court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff rather than from a generally applicable rule, policy or practice.[25] Again, to obtain certification at the initial stage, a plaintiff need only show "some factual support for the complaint allegations of class-wide policy or practice."[26]

## D. Plaintiffs Meets the Standard for Conditional Certification

The Plaintiffs each allege that they regularly worked more than 40 hours each week and were not paid overtime for their work.[27] The Plaintiffs and other employees each performed the same or similar work as drivers and helpers in Defendants' refuse collection operations. Rather than compensating their employees at a regular rate of pay for the first forty hours and one-and-one half times that rate for hours worked in excess of forty hours in a week, Defendants paid the

---

[22] *Id.*
[23] *Falcon v. Starbucks Corp.,* 2008 WL 155313, at *4 (S.D. Tex. Jan. 15, 2008) (Ellison, J.)
[24] *Ryan v. Staff Care, Inc.,* 497 F.Supp.2d 820, 825 (N.D. Tex. 2007) (citing *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1096 (11th Cir.), cert. denied, 519 U.S. 982 (1996).
[25] *Maynor*, 2008 WL 2220394 at *5.
[26] *Davis,* 2012 WL 163941, at *5 (quoting *Maynor,* 2008 WL 2220394, at *6.)
[27] *See* Doc. No. 10and Exhibit B.

drivers and helpers a flat daily rate for their regular routes regardless of the number of hours it took to complete the route.[28]

The evidence at this stage demonstrates that all of the workers were similarly situated with respect to their working conditions and claims or potential claims against Defendants. The evidence at this stage also demonstrates that Defendant's failure to properly compensate Plaintiffs is the result of Defendant's practice of paying drivers and driver's helpers a flat daily rate even though their workweek hours exceeded 40 hours a week.  Plaintiffs are aware of other employees who were employed by Defendants as drivers and/or driver's helpers and who were paid a flat daily rate which did not include overtime pay of one and one half times their regular rates of pay.[29] Accordingly, the evidence at this stage suggests that other similarly situated individuals exist who were affected by the same policy and practices. Plaintiffs, therefore, request permission to issue notice to all individuals who, at any point, during the past three years prior to the filing of this lawsuit, worked for Defendant as drivers or driver's helpers and who did not receive overtime pay.

## VI.    CONCLUSION

The evidence demonstrates that conditional certification is appropriate at this stage. To facilitate the purposes of the FLSA's collective action provisions, the Plaintiffs respectfully request the following: 1) that the Court should approve the Notice attached hereto as Exhibit A; 2) that the Court require Defendant to post the Notice at its facility in areas plainly visible to employees; 3) that the Court require Defendants to provide the last known names and addresses

---

[28] Exhibit B.
[29] *Id.*

*Plaintiffs' Motion for Conditional Certification*            7

for all current and former workers within the potential class;[30] and 4) that the Court order Defendant to produce this information within seven (7) days of granting this motion; and that the Court authorize Plaintiffs to mail the notice attached as Exhibit A along with a self-addressed stamped return envelope to Kennard, Blankenship & Robinson, P.C., to potential opt-in class members.  Plaintiffs request a period of sixty (60) days after the initial notices are mailed for opt-in plaintiffs to file their Notices of Consent with the Court. Plaintiffs further request any additional relief to which they may be entitled.

Respectfully Submitted,



_____

Terrence B. Robinson
Texas Bar No. 17112900
Southern District I.D. No.: 14218
5433 Westheimer, Suite 825
Houston Texas 77076
Main: 713.742.0900
Fax: 713.742.0951
terrence.robinson@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**

---

[30] Production of a mailing list for class members is a common component in collective actions.  *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ("District Court was correct to permit discovery of the names and addresses …"); *Vogt v. Texas Instruments, Inc.*, 2006 WL 4660134 (N.D. Tex. Sep. 19, 2006) (approving discovery of contact information for all members of the conditionally certified class); *Davis,* 2012 WL 163941, at *11.

*Plaintiffs' Motion for Conditional Certification*        8



Lakshmi Ramakrishnan
Texas Bar No.: 24037324
Southern District Bar No.: 33872
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
lakshmi.ram@kennardlaw.com

## CERTIFICATE OF CONFERENCE

Counsel for the Plaintiffs has conferred with Defendant's counsel regarding this Motion, and Defendants' counsel is opposed to the Motion.

/s/ Lakshmi Ramakrishnan_____
Lakshmi Ramakrishnan

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on counsel for Defendant via the District Court's ECF system on October 1, 2013.

/s/ Lakshmi Ramakrishnan_____
Lakshmi Ramakrishnan

.