## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CATALINO VILLEGAS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-320 |
| | § | |
| GRACE DISPOSAL SYSTEMS, LLC D/B/A | § | |
| ROYAL DISPOSAL & RECYCLING, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is an opposed motion for conditional certification filed by plaintiffs Catalino Villegas, Jose B. Joya, Erick Castro, Jorge Reyes, Walter Alonso Ortega, Arcessio Becerra, J. Jesus Contreras, and Antonio Fernandez ("Plaintiffs"). Dkt. 18. Defendants Grace Disposal Systems, LLC d/b/a Royal Disposal & Recycling, Royal Disposal and Recycle, LLC, David Hanna, and Charles C. Gregory ("Defendants") did not respond to the motion. Under Local Rule 7.4, the court deems the motion as unopposed. *See* S.D. Tex. L.R. 7.4. After considering the unopposed motion and applicable law, the court is of the opinion that the motion for conditional certification (Dkt. 18) should be GRANTED.

### I. BACKGROUND

This is an overtime case. Plaintiffs were drivers or helpers who drove to residential or commercial locations, collected waste and recycling, disposed of the waste in landfills, and delivered recyclable material to recycling facilities. Dkt. 10. Plaintiffs claim that they regularly worked more than forty hours per week for Defendants, but they were paid a fixed daily rate ranging from $95 per day for helpers to $125 per day for drivers. *Id.* Additionally, Plaintiffs contend that Defendants paid them $10 an hour to perform additional "off-the-clock" work. *Id.* Plaintiffs' employment was

allegedly terminated after they complained about not being paid overtime. *Id.* Plaintiffs assert that Defendants manipulated time and payroll records to make it appear that Plaintiffs were being paid overtime. *Id.*

Plaintiffs filed suit under the Fair Labor Standards Act ("FLSA") for overtime violations and retaliation. Dkts. 1, 10. They assert their overtime claim on behalf of themselves and similarly situated employees. Dkts. 1, 10. The named plaintiffs now move for conditional certification so that they may issue notice to current and former employees of defendants about their right to opt-in to the class. Dkt. 18. Defendants did not respond to the motion.

## II. LEGAL STANDARD

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Employees who wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing a written consent to become a party with the court . *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt out" of the suit if they do not wish to participate. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, but most federal courts (including this court) have

2

adopted the *Lusardi* test.  *See Mooney*, 54 F.3d at 1214 (discussing but declining to adopt the test

applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)); *Badgett v. Tex. Taco Cabana,*

*L.P.*, No. H-05-3624, 2006 WL 2934265, at *1-2 (S.D. Tex. Oct. 12, 2006).  Under the *Lusardi* test,

a district court approaches the question of whether the potential plaintiffs are "similarly situated"

through a two-stage analysis.  *Mooney*, 54 F.3d at 1213.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage."

*Badgett*, 2006 WL 2934265, at *1.  At the notice stage, the court makes a decision, usually solely

based on the pleadings and any submitted affidavits, whether to certify the class conditionally and

give notice to potential class members.  *See Mooney*, 54 F.3d at 1213.  The decision is made using

a "fairly lenient standard," because the court often has minimal evidence at this stage of the

litigation.  *Id.* at 1214.  Courts, in fact, "appear to require nothing more than substantial allegations

that putative class members were together the victims of a single decision, policy or plan. . ." *Id.*

(quoting *Sperling*, 118 F.R.D. at 407).  Thus, notice stage analysis typically results in conditional

certification of a representative class.  *Badgett*, 2006 WL 2934265, at *1.  After conditional

certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*,

54 F.3d at 1214.

After notice issues, the action proceeds as a representative action.  *See id.*  The second stage

of the *Lusardi* approach—the "decertification stage"—is typically precipitated by the defendant

filing a motion to decertify after the opt-in period has concluded and discovery is largely complete.

*Id.*  "At this stage, the court has much more information on which to base its decision, and makes

a factual determination on the similarly situated question."  *Id.*  If the court finds the class is no

longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in

plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

### III. ANALYSIS

Plaintiffs have presented the court with argument and an affidavit that indicate that the putative class members had similar jobs, were paid in a similar way, and were not paid overtime for hours worked in excess of forty hours each week. Dkt. 18. Defendants have not offered any evidence to the contrary. The court therefore finds that Plaintiffs have met their burden with regard to conditional certification. Plaintiffs' motion for conditional certification (Dkt. 18) is GRANTED. A class of all individuals who are or were employed by Defendants during the three years prior to the date this lawsuit was filed and worked more than forty hours a week without being paid overtime compensation is hereby CONDITIONALLY CERTIFIED.

### IV. CONCLUSION

Plaintiffs' motion for conditional certification (Dkt. 18) is GRANTED. The notice and notice of consent forms attached to Plaintiffs' motion for conditional certification are hereby APPROVED. Plaintiffs are permitted to mail the notice attached as exhibit A along with a stamped return envelope addressed to Kennard, Blankenship & Robinson, P.C., to potential opt-in class members. Defendants shall within seven (7) days of the date of this order provide Plaintiffs' counsel with the names and addresses of all individuals employed by Defendants as drivers or helpers during the three-year period before this lawsuit was filed. The potential plaintiffs will have fifty (50) days from the date of this order to opt-in to this lawsuit.

The parties agreed to a conditional collective action certification hearing on December 18, 2013.  *See* Dkt. 17.  The court does not believe a hearing is necessary.  Thus, the hearing is hereby CANCELED.

It is so ORDERED.

Signed at Houston, Texas on October 25, 2013.

_____
Gray H. Miller
United States District Judge