# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CATALINO VILLEGAS, et al, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO.: 4:13-cv-00320 |
| GRACE DISPOSAL SYSTEMS, LLC d/b/a ROYAL DISPOSAL & RECYCLING, et al, | § § § § § | JURY DEMANDED |
| *Defendants*. | § | |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

Respectfully Submitted,



_____

Terrence B. Robinson
Texas Bar No. 17112900
Southern District I.D. No.: 14218
5433 Westheimer, Suite 825
Houston Texas 77076
Main: 713.742.0900
Fax: 713.742.0951
terrence.robinson@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

TO THE HONORABLE JUDGE OF SAID COURT:

**CATALINO VILLEGAS, et al,** ("Plaintiffs"), file their Reply in Support of Plaintiffs' Motion for Conditional Certification, and would show the Court as follows:

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiffs, drivers and helpers employed in Defendants' waste and recycling disposal operations, filed this suit [Doc. No. 1] on February 7, 2013 seeking unpaid overtime pay due under the Fair Labor Standards Act ("FLSA") on behalf of themselves and all others similarly situated to them. On October 2, 2013, Plaintiffs filed their Motion for Conditional Certification [Doc. No. 18], and Defendants filed their Response to Plaintiffs' Motion [Doc. No. 27] on November 22, 2013. Plaintiffs now file this Reply to Defendants' Response.

## II. STATEMENT OF ISSUES AND SUMMARY OF THE ARGUMENT

The issue before the Court is whether to conditionally certify a class of potential opt-in Plaintiffs and permit Plaintiffs to issue notice to current and former employees of Defendants of the lawsuit and their right to opt-in under the first stage of the class certification process outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). In their Response, Defendants gloss over the main pay practice that Plaintiffs take issue with in the Motion for Conditional Certification and that Defendants do not dispute is their practice (at least with respect to drivers).[1] Namely, Plaintiffs argue that the drivers and helpers were paid a **flat rate for completing their regular routes** each day regardless of the number of hours it took to complete their routes, and their overtime pay was not calculated, as it should have been, by taking the total weekly pay divided by the number of hours they worked each workweek to ascertain a regular rate of pay and then paying one and one half times the regular rate for hours worked over 40 in a workweek.[2] Plaintiffs have demonstrated that they and

---
[1] *See* Doc. No. 27, p. 9 ("Drivers are often paid a day rate meaning that Grace pays them a flat fee for completion of their regular route for the day.")
[2] *See* Doc. 18, p. 6-7.

similarly situated individuals were not paid overtime keyed to their flat daily rates, and, as such, have provided sufficient evidence to support conditional certification and Notice to potential plaintiffs.

### III. ARGUMENT AND AUTHORITIES

#### A. The Plaintiffs Meet their Minimal Burden Under *Lusardi*

i. <u>There is little dispute that Defendants applied a common pay practice to all drivers and helpers in their business operations</u>

As correctly noted by Defendants, the present case is currently at the "Notice Stage" of the two-stage conditional certification process adopted by Courts. At the Notice Stage, "[b]ecause the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class."[3] Conditional certification of an FLSA collective action is appropriate when there is "some factual nexus which binds the plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]."[4] Though Plaintiffs must show that other employees are "similarly situated," this does not mean that they must show that they are "identically situated."[5] Here, the Plaintiffs are drivers and helpers in Defendants' operations. Plaintiffs state that they and similarly situated individuals – the other drivers and helpers – were paid a flat daily rate for completing their regular routes.[6] Defendants acknowledge that drivers were paid flat daily rates.[7] Plaintiffs further allege that Defendants did not compute overtime pay in the manner that the statute requires and, as such, did not pay overtime of one and one half times the

---

[3] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) (internal quotations omitted).
[4] *Cain v. Helmerich & Payne Int'l Drilling Co.*, 1992 U.S.Dist. LEXIS 5367, at *2 (E.D. La. April 16, 1992).
[5] *Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497709, at *4 (E.D. La. 2004).
[6] *See* Plaintiffs' Declarations, Doc. No. 18, Exhibit B, p. 2: ¶¶5&10, p. 5: ¶¶5&10, p.8: ¶¶5&10, p.11: ¶¶5&10 and p. 14: ¶¶5&10. Contrary to Defendants' argument, Plaintiffs identified in their Declarations 12 non-Plaintiffs by name who they say were paid flat daily rates. A Plaintiff's "No" response to the vague question, "[y]ou don't have any personal knowledge as to how the other employees at Royal Disposal were paid?" does not contradict his Declaration since the Plaintiff may not have understood the question to mean, "do you know if other workers were paid flat daily rates for completing their regular routes?" *See also* Exhibit B, Deposition of Jose Joya, p. 33:23 – 34:3 ("Well, I know that they were paying them the same as me, the same way.")
[7] *See* Doc. No. 27, p. 9.

regular hourly rate.[8] The Plaintiffs allegations are supported upon a review of representative examples of time and pay records available to Plaintiffs to date and explanatory overtime calculations attached hereto as Exhibit A. Plaintiffs have therefore made the minimal showing required under the lenient standard described above to support conditional certification.

Furthermore, Defendants argument that the drivers and helpers were not paid overtime because they were exempt from overtime under the Motor Carriers Act Exemption supports conditional certification because analysis of this common question of law applicable to all of Defendants' drivers and helpers would be particularly appropriate for class treatment.[9] Class-wide determination of whether the workers are covered by the FLSA and whether Defendants' practice of paying daily flat rates violates the Act would further judicial economy – one of the primary goals of the Notice and conditional certification procedure.[10]

    ii.   <u>Defendants' Response calls on the Court to make decisions on the merits which are not proper at this stage of the proceedings.</u>

Defendants have proffered the affidavit of David Hanna which includes claims that are disputed by the Plaintiffs. As described herein and in the Motion for Conditional Certification, Plaintiffs argue that the drivers and helpers were paid flat daily rates for completing their regular routes regardless of the number of hours required to complete the route. Although Mr. Hanna's Affidavit corroborates the Plaintiffs' accounts to some extent, to the extent that Mr. Hanna's account is inconsistent with the Plaintiffs' accounts, the Affidavit should not be given much weight. Is a well-settled principle that "[n]either stage of certification is an opportunity for the court to assess the merits

---

[8] *See* Doc. No. 18, Exhibit B, p. 2: ¶8, p. 5: ¶8, p.8: ¶8, p.11: ¶8 and p. 14: ¶8. Defendants argue that Plaintiffs produced pay records which show or reflect the payment of overtime wages. Doc. No. 27, p. 10. However, as reflected in Exhibit A, the amount of overtime was not computed in the manner that the FLSA requires so the fact some Plaintiffs acknowledged in depositions that the pay records show an amount of overtime is irrelevant.
[9] *See Garcia v. Triple D. Sec. Corp.*, 2012 WL 906809 (S.D. Tex. 2012)
[10] *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 466 (S.D. Tex. 2012)( "[c]ollective actions under the FLSA are generallyfavored because such allegations reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding [all] 'common issues of law and fact arising from the same alleged ... activity.'").

*Plaintiffs' Reply in Support of Plaintiffs' Motion for Conditional Certification*     4

of the claim by deciding factual disputes or making credibility determinations."[11] Instead, the question of conditional certification is appropriately based on Plaintiff's declarations and allegations.[12] In addition, it is not appropriate to consider the merits of the Plaintiffs' claims or Defendants' defenses, such as the Motor Carrier Act exemption, now, since "at [the notice stage,] courts generally refuse to consider a defendant's arguments on the merits."[13]

**B.    When a broadly applied pay practice is at issue conditional certification is appropriate in spite of minor distinctions between the workers employment terms.**

Defendants argue that reviewing "how [the workers] were paid, the hours they worked over multiple years and the amount of overtime they were paid" requires an individualized analysis not appropriate for collective treatment.  However, these kinds of questions would have to be addressed in every FLSA case as no two workers circumstances will be identical. Refusing to conditionally certify a collective action because such analysis may be required would render it virtually impossible for courts to address illegal pay practices on a class basis as is intended by §216(b) of the FLSA.  Where there is an overarching policy or pay practice applied to a group of workers, the fact that workers worked different hours or were paid at different rates does not defeat initial certification of a collective action.[14]

**C.    Notice should not be contingent on Plaintiffs showing that others wish to opt-in to the suit.**

Defendants cite to a couple of cases where Courts have required Plaintiffs to show that similarly situated individuals wish to opt-in to the lawsuit in order to permit Notice to the potential class members. It is not a statutory requirement that Plaintiff show that others want to join the suit in order

---

[11] *McKnight v. D. Houston, Inc.,* 756 F.Supp.2d 794, 802 (S.D. Tex. 2010).
[12] See *Mooney*, 54 F.3d at 1213-14.
[13] *Gandhi v. Dell, Inc.,* 2009 WL 1940144, at *3 (W.D. Tex 2009).
[14] *See De Luna-Guerrero v. N.C. Growers Association*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004); *Guifi Li v. A Perfect Franchise, Inc.*  2011 WL 4635198 (N.D. Cal. 2011); *Adams v. Inter-con Sec. Sys,* 242 F.R.D. 537 (N.D. Cal. 2007)("whether each plaintiff is due a different amount in damages does not affect whether they were 'together victims of a single decision, policy or plan"); *Scott v. Heartland Home Fin., Inc.*, 2006 WL 1209813 at *3(N.D. Ga. 2006 ("[V]ariations in specific job duties, job locations, working hours…are examples of factual issues that are not considered" at the notice stage.)

to send them notice, and Courts in the Southern District of Texas and throughout the country have refused to require Plaintiffs to demonstrate that aggrieved individuals wish to opt-in to the suit.[15] In light of Plaintiffs' claims that they were terminated after complaining about pay practices,[16] the particular circumstances of the workplace may explain the reluctance of workers to come forward with their claims outside of the protective umbrella offered by Court oversight of the process. In these circumstances, issuing Notice to employees would further the broad remedial purposes of the collective action procedure.[17]

### IV.  CONCLUSION

The evidence demonstrates that conditional certification is appropriate at this stage. For the reasons outlined herein and in Plaintiffs' Motion for Conditional Certification, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Conditional Certification and authorize that the Notice attached as Exhibit A to Doc. No. 18 be sent to members of the opt-in class.

Respectfully Submitted,



_____
Terrence B. Robinson

---

[15] *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, 2008 WL 5204149 (S.D. Tex. 2008)("such a requirement is at odds with the Supreme Court's command that the FLSA be liberally construed to effect its purposes."); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010)("it is enough for the plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit.") *See also Bodle v. TXL Mortg. Corp.*, 2012 WL 5828616 (S.D. Tex. 2012) report and recommendation adopted, 2012 WL 5828593 (S.D. Tex. 2012); *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 466 (S.D.N.Y 2008); *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 180-81 (D.Conn. 2010); *West v. Lowes Home Centers, Inc.*, 2010 WL 5582941 (W.D. La. 2010); *Green v. Plantation of Louisiana, Inc.* 2010 WL 5256354 (W.D. La. 2010); *Reab v. Electronic Arts, Inc.* 214 F.R.D. 623, 629 (D. Colo. 2002); *and Mowdy v. Beneto Bulk Transp.*, 2008 WL 901546, at *7 (N.D. Cal. 2008)("As a practical matter it would make little sense to require plaintiffs to have the knowledge they attempt to obtain by gaining approval of notice from the court.")

[16] *See* Plaintiffs' First Amended Complaint, Doc. No. 10, p. 6: ¶30.

[17] *Roussell v. Brinker Int'l, Inc.*, 2008 WL 2714079, at *24 (S.D. Tex. 2008)("the remedial nature of the FLSA and the purposes of Section 216 mitigate strongly in favor of allowing cases to proceed collectively.")

Texas Bar No. 17112900
Southern District I.D. No.: 14218
5433 Westheimer, Suite 825
Houston Texas 77076
Main: 713.742.0900
Fax: 713.742.0951
terrence.robinson@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**



Lakshmi Ramakrishnan
Texas Bar No.: 24037324
Southern District Bar No.: 33872
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
lakshmi.ram@kennardlaw.com

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on counsel for Defendant via the District Court's ECF system on November 27, 2013.

*/s/ Lakshmi Ramakrishnan*_____
Lakshmi Ramakrishnan.