IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATALINO VILLEGAS, et al, | § | |
| Individually and On Behalf of All Others | § | |
| Similary Situated, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:13-cv-00320 |
| | § | |
| GRACE DISPOSAL SYSTEMS, LLC | § | [Relating to Doc. No. 35] |
| d/b/a ROYAL DISPOSAL & | § | |
| RECYCLING, et al, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO MODIFY RULE 16 SCHEDULING ORDER AND ALLOW PLAINTIFFS TO FILE PLAINTIFFS' EXPERT WITNESS DESIGNATION**

COME NOW GRACE DISPOSAL SYSTEMS, LLC d/b/a ROYAL DISPOSAL & RECYCLING, ROYAL DISPOSAL AND RECYCLE, LLC, DAVID HANNA AND CHARLES C. GREGORY, III, Defendants, and file this Response to Plaintiffs' Motion for Leave to Modify Rule 16 Scheduling Order and Allow Plaintiffs to File Expert Witness Designation and would respectfully show the Court as follows:

## I.   FAILURE TO SHOW GOOD CAUSE FOR DELAY

Plaintiffs seek leave of court to late designate their expert witnesses in this matter. Plaintiffs have failed to show good cause for 8 day delay in filing their expert witnesses. Plaintiffs' deadline to designate experts was December 31, 2013.  In their Motion, counsel for Plaintiffs state only that they did not file on December 31, 2013 because their office was closed on New Year's Eve.  Plaintiffs fail to explain in their motion why good cause exists for the

additional delay of more than one week after New Year's Eve. Even recognizing that some law offices may have closed New Year's Eve and most are closed on New Year's Day, there were more than five full business days before Plaintiffs filed their motion for leave. Plaintiffs failed to explain the additional delay during those 8 days and have not given this court good cause to grant leave.

## II.     PLAINTIFFS' DESIGNATION FAILS TO COMPLY WITH COURT'S ORDER OR RULE 26

The Court should further deny the Motion for Leave because Plaintiffs' proposed expert designations fail to comply with the Scheduling Order or Rule 26 regarding disclosure of experts who do not provide written reports. Attached as Exhibit A to their Motion for Leave, Plaintiffs provided their Expert Witness Designation identifying three attorneys for the Plaintiffs as experts – Alfonso Kennard, Jr., Terrance Robinson, and Lakshmi Ramakrishnan. The Scheduling Order in this case requires that each opinion that the expert will present and the basis for each opinion be provided by the stated deadline. Doc. No. 17. Further, because they did not provide written reports of their opinions, these "experts" also fall within the purview of Rule 26(a)(2)(C). *See* Fed. R. Civ. Proc. 26(a)(2)(C). Plaintiffs are required to disclose both the subject matter on which the witness is expected to testify **AND** a summary of the facts and opinions to which the witness is expected to testify. *See id.* While the proposed disclosures arguably provide the subject matter under the first prong of the Rule, Plaintiffs entirety fail to satisfy the Court's order or Rule 26(a)(2)(C)'s second prong and provide a summary of the facts and opinions on which the witnesses will testify. There is no information in the disclosures regarding the Plaintiffs' alleged attorneys' fees to date, what the total expected attorneys' fees would be through trial both for these trial plaintiff and if a conditional class were certified, whether counsel has been hired on a contingency or hourly basis, and the contingency arrangement or the hourly rate at which

each attorney bills his or her time.  Without the factual information and opinions of the witnesses, Defendants are prejudiced in designating expert witnesses to rebut such information and opinions.   The Court should further deny the Motion for Leave as Plaintiffs have designated three redundant witnesses to testify on the same subject matter, presumably all with the same opinions.

## III.     PRAYER & REQUEST FOR ALTERNATIVE RELIEF

Defendants oppose the Motion for Leave for the foregoing reasons and respectfully request that the Court enter an order denying the Motion.  Attached is a Proposed Order denying the Motion for Leave.

But understanding that mistakes happen and that the Court may grant the motion for leave, Defendants alternatively request that the Court enter an order giving Plaintiff a deadline to file proper designations that satisfy Rule 26 and extend Defendants' current deadline to designate their experts until at least 30 days after Plaintiffs' proper designation.  Attached is a Proposed Order granting the Motion, but ordering the Plaintiffs to file amended designations as to the three experts, and extending Defendants' Deadline under the current Scheduling Order.

Respectfully submitted,

MEHAFFYWEBER, P.C.
Counsel For Defendants


By:  /s/ Konor Cormier_____
     Konor A. Cormier
     Attorney in Charge
     State Bar No. 24040731
     konorcormier@mehaffyweber.com
     Wade Carpenter
     State Bar No. 24001841
     wadecarpenter@mehaffyweber.com
     One Allen Center
     500 Dallas, Suite 1200

Houston, Texas   77002
Telephone: 713-655-1200
Telecopier: 713-655-0222

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served by ECF and facsimile to the following on this the 29th day of January, 2014:

Terrence Robinson
Lakshmi Ramakrishnan
Kennard Blankenship Robinson P.C.
5433 Westheimer, Ste. 825
Houston, Texas 77076

/s/ Konor Cormier_____
Konor A. Cormier