UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATALINO VILLEGAS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-320 |
| | § | |
| GRACE DISPOSAL SYSTEMS, LLC d/b/a | § | |
| ROYAL DISPOSAL & RECYCLING, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court are (1) a motion for conditional certification filed by plaintiffs Catalino Villegas, Jose B. Joya, Erick Castro, Jorge Reyes, Walter Alonso Ortega, Arcessio Becerra, J. Jesus Contreras, and Antonio Fernandez (collectively, "Plaintiffs") (Dkt. 18); (2) a motion for partial summary judgment on Plaintiffs' retaliation claims filed by defendants Grace Disposal Systems, LLC d/b/a Royal Disposal and Recycling, Royal Disposal and Recycle, LLC, David Hanna, and Charles C. Gregory, III (collectively, "Defendants") (Dkt. 28); (3) a motion for partial summary judgment on Defendants' Motor Carrier Act exemption defense filed by Defendants (Dkt. 33); (4) two Rule 56(d) motions for additional discovery filed by Plaintiffs (Dkts. 31, 41); and (5) a motion for leave to file expert witness designations filed by Plaintiffs (Dkt. 35). Having reviewed the motions, related documents in the record, and applicable law, the court is of the opinion that the motion for conditional certification (Dkt. 18) should be GRANTED, the motion for partial summary judgment on the retaliation claims (Dkt. 28) should be DENIED WITHOUT PREJUDICE, the motion for partial summary judgment due to the Motor Carrier Act exemption (Dkt. 33) should be DENIED WITHOUT PREJUDICE, the Rule 56(d) motions for additional discovery (Dkts. 31, 41)

should be GRANTED, and the motion for leave to file expert witness designations (Dkt. 35) should be GRANTED.

## I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case. Plaintiffs were drivers or drivers' helpers who worked for defendant Grace Disposal Systems, LLC, d/b/a Royal Disposal and Recycling. Dkt. 10. Plaintiffs' duties included driving to residential and commercial locations, collecting waste and recycling, and disposing of the waste in landfills or delivering the recyclable materials to recycling facilities. *Id.* Plaintiffs claim that they regularly worked more than forty hours per week and in excess of ten hours per day, that they believe other similarly situated employees also worked more than forty hours per week, but that Defendants paid them and the other similarly situated drivers and drivers' helpers a fixed daily rate for on-the-clock time ranging from $95 per day for helpers to $125 per day for drivers. *Id.* Plaintiffs additionally claim that Defendants required them and similarly situated employees to work "off-the-clock" and paid them $10 per hour, rather than overtime, for "off-the-clock" work. *Id.* Plaintiffs assert that Defendants manipulated payroll records and time records. *Id.* Plaintiffs state that they complained about Defendants' failure to pay overtime and their employment was terminated as a result. *Id.*

Plaintiffs filed suit on behalf of themselves and similarly situated employees on February 7, 2013. Dkt. 1. The court entered a scheduling order on August 7, 2013, which set the following relevant deadlines: (1) deadline for discovery related to conditional certification and the initial plaintiffs – November 15, 2013; (2) deadline for designation of expert witnesses – December 31, 2013; and (3) deadline for general discovery – March 21, 2014. Dkt. 17. Plaintiffs filed a motion for conditional certification on October 1, 2013, and Defendants filed a response to the motion on November 22, 2013, in which they requested that the court defer ruling on the motion for conditional

certification until after it ruled on their motions for partial summary judgment. Dkts. 18, 27. Defendants filed their motions for partial summary judgment on the retaliation claim and on their Motor Carrier Act exemption defense on November 22, 2013, and January 2, 2013, respectively. Dkts. 28, 33. Plaintiffs request that the court defer ruling on or deny the motions for summary judgment pursuant to Rule 56(d), arguing that they need more time to conduct discovery as the discovery deadline is not until March 21, 2014, and they had not (at the time their request was filed) had an opportunity to propound written discovery yet. Dkt. 31. Plaintiffs have also requested additional time to designate their expert witnesses, as they allegedly accidentally missed the deadline. Dkt. 35.

## II. MOTIONS FOR SUMMARY JUDGMENT AND RULE 56(d) MOTIONS

Plaintiffs request additional time for discovery before the court rules on Defendants' motions for partial summary judgment. Dkt. 31. Defendants assert that Plaintiffs should have completed their discovery with regard to the initial plaintiffs by November 15, 2013, pursuant to the scheduling order. Dkt. 34. Defendants additionally assert that Plaintiffs had plenty of time to serve discovery requests after Defendants filed their initial motion for partial summary judgment, yet Plaintiffs waited until February 6, 2014, to serve written discovery requests. Dkt. 46. Plaintiffs reply that they understood the November 15, 2013 date in the scheduling order as pertaining to discovery relating to conditional certification, and the discovery they need relates to Defendants, not Plaintiffs. Dkt. 36.

The court agrees with Plaintiffs that the primary purpose of the November 15, 2013 date was to allow for early discovery on conditional certification issues. As far as Plaintiffs' delay in serving discovery requests, the court agrees with Defendants that Plaintiffs likely should have filed their discovery requests in a more timely fashion. However, the fact remains that the discovery deadline

has not passed, and the court believes it would be more just to rule on motions for summary judgment based on a complete evidentiary record. After reviewing the motions for summary judgment and Plaintiffs' responses, the court finds that it is inappropriate to rule on the motions without providing Plaintiffs with an opportunity to conduct more discovery. Plaintiffs' motions for additional time to conduct discovery (Dkts. 31, 41) are therefore GRANTED, and Defendants' motions for partial summary judgment (Dkts. 28, 33) are DENIED without prejudice.

### III. CONDITIONAL CERTIFICATION

Plaintiffs request that the court grant their motion for conditional certification and allow them to send notice to potential collective action opt-in class members. Dkt. 18. They assert that Defendants applied a common pay practice to all drivers and drivers' helpers and that there are other similarly situated employees who are not being paid overtime for hours worked in excess of 40 hours per week. *Id.* Defendants request that the court deny Plaintiffs' motion for conditional certification because (1) there is no reasonable basis for the underlying allegations; (2) Plaintiffs' evidence contains contradictory statements; (3) Plaintiffs provided no evidence that any other employees desire to join the litigation; (4) Plaintiffs failed to meet their burden of showing that other employees are "similarly situated"; and (5) class certification is inappropriate where individualized analysis of each potential plaintiff is required. Dkt. 27.

**A.**   **Legal Standard**

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees

similarly situated." 29 U.S.C. § 216(b). Employees who wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing a written consent to become a party with the court . *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt out" of the suit if they do not wish to participate. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, but most federal courts (including this court) have adopted the *Lusardi* test. *See Mooney*, 54 F.3d at 1214 (discussing but declining to adopt the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)); *Badgett v. Tex. Taco Cabana, L.P.*, No. H-05-3624, 2006 WL 2934265, at *1-2 (S.D. Tex. Oct. 12, 2006). Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis. *Mooney*, 54 F.3d at 1213.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Badgett*, 2006 WL 2934265, at *1. At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *See Mooney*, 54 F.3d at 1213. The decision is made using a "fairly lenient standard," because the court often has minimal evidence at this stage of the litigation. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan . . . ." *Id.* (quoting *Sperling*, 118 F.R.D. at 407). Thus, notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional

certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

After notice issues, the action proceeds as a representative action. *See id.* The second stage of the *Lusardi* approach—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

A "decision to certify, even if subject to correction at the decertification stage, is not without consequences" as "[t]oo much leniency at the notice stage can lead to a 'frivolous fishing expedition conducted by the plaintiff at the employer's expense'" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Lang v. DirecTV, Inc.*, No. No. 10-1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (citations omitted). For this reason, in cases in which parties have had the opportunity to conduct discovery prior to filing the motion for notice and conditional certification, some courts apply a more stringent inquiry. *See, e.g.*, *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802–03 (S.D. Tex. 2010) (Rosenthal, J.) (noting that courts may increase the plaintiffs' burden at the notice stage if discovery is largely complete); *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. Jul. 2, 2004) ("[I]n light of the substantial discovery that has occurred in this matter, the Court will consider the criteria for both the first and second steps in deciding whether to certify this matter."). If there has been extensive

discovery, some courts collapse the *Lusardi* two-stage process and subject the plaintiffs to the more stringent second-stage burden. *See, e.g.*, *Harris v. FFE Transp. Servs., Inc.* No. 3:05-CV-0077-P, 2006 U.S. Dist. Court LEXIS 51437, at *7 (N.D. Tex. May 15, 2006) (applying the second stage of the *Lusardi* approach after the court gave the parties seven months to conduct discovery related to the certification issue); *Pfohl v. Farmers Ins. Grp.*, No. CV03-3080 DT (RCX), 2004 WL 554834, at *2–3 (C.D. Cal. Mar. 1, 2004). However, it is only appropriate to increase the plaintiffs' burden "after discovery is largely complete and the matter is ready for trial." *Mooney*, 54 F.3d at 1214; *McKnight*, 756 F. Supp. 2d at 802-03. Here, while there has been discovery on the certification issue, the case is by no means ready for trial. The court finds it more appropriate to apply the more lenient standard and reconsider, if necessary, at the decertification stage.

**B.     Policy, Decision, or Plan**

Defendants argue that the court should not conditionally certify a class in this case because there is no evidence of a common policy with regard to payment of wages at Grace Disposal Systems, LLC ("Grace"). Dkt. 27. Defendants assert that Grace negotiates with each employee separately and pays them according to their level of experience and seniority. *Id.* Defendants assert that some employees are paid a salary, others by the hour, and others a daily rate. *Id.* Defendants argue that the Plaintiffs and potential opt-in plaintiffs are therefore not similarly situated in terms of payment provisions and job requirements. *Id.* Plaintiffs argue that they have met the minimum burden under *Lusardi*, as they have shown through their declarations that the Plaintiffs and other drivers and helpers were paid a flat daily rate for completing regular routes. Dkt. 29.

Grace does not have a written policy or plan with respect to how it pays wages. Dkt. 27, Ex. 1 ¶ 6. According to the president of Grace, each driver has different pay provisions and is paid at a different rate, but drivers are "often paid a day rate meaning that Grace pays them a flat fee for

completion of their regular route for the day." *Id.* ¶ 10. Grace's president further asserts that the "circumstances giving rise to the manner in which each Grace driver and driver's helper is paid each week are purely personal to each individual driver and helper, and not from a concrete rule, policy, or practice." *Id.* ¶ 12. Defendants argue that the potential class of plaintiffs is not similarly situated due to this lack of uniformity in the way in which the drivers and drivers' helpers are paid at Grace.

Plaintiffs assert that Defendants required Plaintiffs to clock in and clock out and would pay them and similarly situated employees a fixed daily rate for "on-the-clock" time. Dkt. 10. According to Plaintiffs, when they performed additional "off-the-clock" work, Defendants paid them an additional $10 per hour for that work. *Id.* Plaintiffs provide affidavits from Arcessio Becerra, Erick Castro, Antonio Fernandez, Jose B. Joya, and Walter Alonso Ortega, in which these plaintiffs state that they knew other employees who worked a similar number of hours, received a flat daily rate, and were not paid one and one half times their regular rates of pay for their overtime hours. Dkt. 18, Ex. B. Castro specified three to four individuals, though he did not know their last names. *Id.* Fernandez also specified six individuals (other than named plaintiffs) who he stated worked the same number of hours as he yet received a flat daily rate. *Id.* Ortega specified at least six workers (other than named plaintiffs) that he knew that worked the "around the same number of hours as [he] and received a flat daily rate for completing the regular route." *Id.*

Defendants argue that the court should give little consideration to these declarations as they "are replete with statements that are contradicted by Plaintiff's [sic.] own testimony." Dkt. 27. Defendants assert that the named plaintiffs' depositions also demonstrate an absence of a concrete rule or policy regarding overtime compensation. *Id.* At Berrera's deposition, when asked which employees were paid a flat daily rate and not paid overtime, Berrera could only name the other named plaintiffs. *Id.* Castro stated during his deposition that he could not say how the other

8

employees were paid. Dkt. 27, Ex. 6. His attorney noted on the record that Castro wished to protect the privacy of current employees. *Id.* Ortega testified that he did not know how other employees were paid. Dkt. 27, Ex. 5. Joya stated, when asked if he knew how other employees were being paid, that he knew the other employees were being paid the same way. Dkt. 27, Ex. 3. However, he did not remember the names of the other employees. *Id.* Fernandez testified that he did not know whether the individuals he discussed in his affidavit were paid by the day or hour. Dkt. 27, Ex. 7.

Plaintiffs assert that to the extent Hanna's affidavit contradicts Plaintiffs' declarations, Hannah's affidavit should not be given much weight, as it is inappropriate to make credibility determinations at the conditional certification stage. Dkt. 29. With regard to the statements in the declarations that there are other individuals who wish to opt in to the lawsuit contradicting deposition testimony to the contrary, Plaintiffs assert that "the particular circumstances of the workplace may explain the reluctance of workers to come forward with their claims outside of the protective umbrella offered by Court oversight of the process," given the fact that Plaintiffs were allegedly terminated after complaining about pay practices. *Id.*

The court has considered the affidavits, declarations, and deposition testimony, and finds that there is enough evidence of a common policy and similarity to conditionally certify the class. While the court may deny conditional certification and notice "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice," the court "need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated." *Maynor v. Dow Chem. Co.*, No. G-08-504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008). The court finds that since there are already several individuals who have opted into this lawsuit by becoming named plaintiffs, those plaintiffs claim in their declarations and at their depositions that they were paid a flat rate without overtime calculated pursuant to the

terms of the FLSA, and the defendants' representative admitted that at least some of the drivers and drivers' helpers are paid a flat daily rate, Plaintiffs have made the minimal showing that putative class members were together the victims of a single decision, policy, or plan. This showing is sufficient for the notice stage.

**C.      Putative Class Members**

The court generally requires Plaintiffs to show that there are other similarly situated individuals who wish to opt in to the case before conditionally certifying a class. *See, e.g.*, *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009). Here, however, there are already eight named plaintiffs. These plaintiffs were allegedly fired on the day they claim they complained about their employer's pay procedures. There is some indication that the named plaintiffs are afraid to discuss current employees' situations because they do not want to endanger the employment situations of those employees. *Cf. Jesiek v. Fire Pros Inc.*, 275 F.R.D. 242, 247 (W.D. Mich. 2011) (holding that the plaintiffs' "lack of evidence that other potential plaintiffs would opt-in [wa]s excused" because there was evidence that current employees were afraid they would lose their jobs if they joined the lawsuit). Under the specific facts of this case, the court finds it appropriate to conditionally certify the class and allow notice even though it is unclear whether the other drivers and helpers will actually want to join the class, as doing so comports with the remedial purpose of the FLSA. *See* 29 U.S.C. § 202(a) (Congressional finding and declaration of policy); *see Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) (Johnson, J.) ("Liberally construing the FLSA to effect its purposes, the court finds that it is enough for the plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit.").

The court finds that Defendants' remaining arguments are merits-based arguments not appropriately resolved at the conditional certification stage. Because Plaintiffs have made substantial allegations that putative class members were together the victims of a single decision, policy, or plan, the court finds that conditional certification and issuance of notice is appropriate. Accordingly, Plaintiffs' motion for conditional certification is GRANTED.

### IV. NOTICE

Plaintiffs have provided a proposed notice. *See* Dkt. 18-1. Defendants have not responded to the contents of the proposed notice. The court ORDERS that Plaintiffs and Defendants meet and confer on the contents of the notice within ten (10) days of the date of this order. If Plaintiffs and Defendants agree on the contents of the notice, then Plaintiffs shall file the agreed notice form with the court within fifteen (15) days of the date of this order. If Plaintiffs and Defendants are unable to agree on the notice form, Defendants shall file a proposed form accompanied by a brief that provides their arguments against Plaintiffs' proposed form within fifteen (15) days of the date of this order. The Plaintiffs shall respond within ten (10) days of the date the Defendants' brief is filed. The court will enter an order relating to the logistics of issuing notice as soon as possible after receiving the joint proposed form or the Defendants' proposed form and the parties' briefs.

### V. EXPERT DEADLINE

The deadline to designate experts passed on December 31, 2013, and Plaintiffs did not designate their experts on or before that deadline. Dkt. 17 (scheduling order); Dkt. 35 (motion for leave to file designations). On January 8, 2014, Plaintiffs filed a motion for leave to modify the scheduling order to allow them to file their expert witness designations. Plaintiffs assert that they "have been diligently attempting to comply with all of the Court's deadlines," but they "accidentally missed the deadline for filing their expert witness designation, which fell on a date (New Year's Eve)

on which Plaintiffs' counsel's office was closed." Dkt. 35. Plaintiffs filed their motion eight days after the deadline passed and noted that Defendants had until February 28, 2014 to designate their experts and that the parties still had until March 21, 2014 to complete discovery. *Id.* Thus, they argue that there would be little hardship on Defendants if the court were to extend the deadline, and that the hardship could easily be cured with a very short extension of the remaining deadlines. *Id.*

Defendants argue that Plaintiffs failed to explain why it took them eight days after New Year's Eve to file their motion to modify the scheduling order. Dkt. 43. Defendants further point out that Plaintiffs did not provide written reports for the experts that they assert they would like to designate, which means, pursuant to Rule 26(a)(2)(C), that Plaintiffs must provide both the subject matter on which the experts will testify and a summary of the facts and opinions the experts will offer. *Id.* Defendants argue that Plaintiffs' late designations do not contain a summary of the facts and opinions of the experts. *Id.* Plaintiffs assert in reply that they have provided a sufficient summary of the facts and opinions the experts, who are all experts on attorneys' fees, will offer. Dkt. 45.

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether good cause for amendment exists, courts consider the following factors: (1) the explanation for the failure to comply with the scheduling order; (2) the importance of late-filed document; (3) the potential prejudice in allowing the extension; and (4) the availability of a continuance to cure the prejudice. *See id.* at 536.

Here, while the court believes that Plaintiffs should remain on top of deadlines even if it is the holiday season, it finds that the eight-day delay is insignificant under the facts of this case and does not cause sufficient prejudice to justify not allowing Plaintiffs to designate their attorneys' fees experts. As far as Defendants' contention that the designations do not contain an adequate summary of the facts and opinions on which the experts are expected to testify, the court has reviewed the designation offered as an exhibit to the motion to extend the deadline and finds that the summaries are sufficient. *See* Dkt. 35, Ex. A (35-1). Plaintiffs' motion to modify the scheduling order so that they may designate their experts (Dkt. 35) is GRANTED.

## VI. CONCLUSION

Plaintiffs' motion for conditional certification (Dkt. 18) is GRANTED. Plaintiffs and Defendants shall meet and confer on the contents of the notice within ten (10) days of the date of this order. If Plaintiffs and Defendants agree on the contents of the notice, then Plaintiffs shall file the agreed notice form with the court within fifteen (15) days of the date of this order. If Plaintiffs and Defendants are unable to agree on the notice form, Defendants shall a proposed form accompanied by a brief that briefly provides their arguments against the proposed form Plaintiffs have filed within fifteen (15) days of the date of this order. Plaintiffs will file a response within ten(10) days of the date Defendants' brief is filed.

Defendants' motion for partial summary judgment on the retaliation claims (Dkt. 28) and motion for partial summary judgment on the Motor Carrier Act exemption (Dkt. 33) are DENIED WITHOUT PREJUDICE. Plaintiffs' Rule 56(d) motion (Dkt. 31) is GRANTED. Defendants may re-file their motions for partial summary judgment at the close of discovery. Plaintiffs' motion for leave to file expert witness designations (Dkt. 35) is GRANTED. The expert witness designation attached as exhibit A to docket entry 35 shall be considered filed as of January 8, 2014.

It is so ORDERED.

Signed at Houston, Texas on February 27, 2014.

_____
Gray H. Miller
United States District Judge